## Buhrle v. Commonwealth.

(Decided October 3, 1924.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Conviction. for Selling Liquor Held Not Flagrantly Against Evidence.—Conviction for unlawful sale of intoxicating liquor held not flagrantly against evidence.

2. Criminal Law—Court did Not Err in Not Naming in Instruction Date of Issual of Warrant when Before Jury.—Court did not err in not naming date of issual of warrant in instruction that jury must believe from evidence that defendant, within twelve months before issual of warrant. unlawfully sold intoxicating liquor, jury having warrant before it.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Mrs. Irene Buhrle, was tried and convicted before a justice of the peace of Daviess county under a warrant charging her with selling intoxicating liquor not for any of the permissible purposes in the statute. She appealed to the Daviess circuit court where she was also convicted and her motion for a new trial was overruled and she appeals. But two grounds are urged for a reversal and they are: (1), That the verdict of the jury was flagrantly against the evidence, and (2), error of the court in not naming in its instruction the date of the issual of the warrant.

Two witnesses swore positively that one of them purchased from defendant at her place of business in Owensboro a half-pint of moonshine whiskey and paid her $1.25 therefor. Defendant denied that, but admitted that the two prosecuting witnesses were in her establishment at the time about which they testified. Her son and two other witnesses, the latter of whom were in the dining room at the rear of the building, substantially corroborated her denial of the sale, and this was all the testimony heard upon the trial. It is, therefore, manifest that this ground is without foundation.

The instruction complained of under ground (2), said to the jury that if they believed "from the evidence in this case to the exclusion of a reasonable doubt, that the defendant, in Daviess county, Kentucky; and within

twelve months next before the issual of the warrant herein, unlawfully sold to Emery Strain one-half pint or some other quantity of spirituous, vinous, malt, or intoxicating liquor,'' for other than the enumerated permissible purposes under the statute, they would find the defendant guilty and fix her punishment within the limitations contained in the statute. The criticism of that instruction is that to be correct it should have *expressly* stated and pointed out to the jury the day upon which the warrant issued, and then to have said that the offense must have been committed within twelve months before that day. We are cited to no case sustaining that contention and it is contrary to the practice everywhere, and the instruction as given has heretofore been sustained and upheld by this court upon the trial of indictments and other accusatory papers, and it is also without any reason or foundation, since the jury had before it, and which was read to it, the warrant and it was dated January 18, 1924; and necessarily the guilt of the defendant under the instruction was made to depend upon whether or not she sold the liquor within twelve months next before that date.

Wherefore, the judgment is affirmed.