## Conrad v. Commonwealth.

(Decided December 5, 1924.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Instructions Not Stating Date of Warrant, Read to Jury, Not Erroneous.—Instruction to convict, if defendant did acts complained of within 12 months before issuance of warrant, without stating date of warrant, held not erroneous, where warrant was read to jury during trial.

2. Intoxicating Liquors—Law, as to Liability of Accused for Sale of Whiskey, by His Minor Son, Held Fully Submitted.—Instruction that jury could convict accused of selling whiskey only if his minor son made sale as accused's agent, and was acting for anu on behalf of accused with latter's authority, or was acting within scope of his employment, held to fully submit law of case.

3. Intoxicating Liquors—Agency Provable by Circumstantial Evidence.—Agency may be proved by circumstantial evidence.

4. Criminal Law—Case Should be Submitted to Jury, if Any Evidence of Guilt.—Where there is any evidence of accused's guilt, court should submit case to jury.

5. Intoxicating Liquors—Conviction of Selling Held Supported by Evidence.—Evidence of accused's 14 year old son's agency for father in selling whiskey, and accused's reputation as illicit dealer therein, held sufficient to support conviction.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under a warrant charging him with the sale of one half-pint of white whiskey not for mechanical, medicinal, scientific or sacramental purposes, to Emory Strain, appellant was tried in the magistrate's court and found guilty. On appeal to the circuit court he was again tried under said warrant and again found guilty, his punishment being fixed at a fine of three hundred dollars ($300.00) and imprisonment in the county jail for sixty days. Appellant appeals, urging that the verdict was not sustained by the evidence and that the instructions of the court were erroneous in that the first instruction requiring the jury to find the appellant guilty of the acts complained of if he did them within twelve months before the issue of the warrant did not state the date of the warrant.

It appears, however, that the warrant was read to the jury during the trial. This complaint of the instructions has, since this appeal was taken, been passed on adversely to appellant's contention in the case of Buhrle v. Commonwealth, 204 Ky. 651.

The appellant offered no proof in the case. The proof of the Commonwealth was that one Emory Strain went to the livery stable of the appellant, who was away at the time. He there discovered appellant's boy, a youth of about fourteen years of age, who worked about his father's stable. He inquired of the boy whether or not he could procure something to warm him up, whereupon the boy went back into a stall of the stable and brought and sold him one half-pint of moonshine whiskey. Evidence was also introduced to show that the general reputation of the accused in the community as an illicit dealer in moonshine whiskey was bad. The court instructed the jury that they could find the accused guilty only if they believed that the boy in making this sale did so as the agent of his father and at the time was acting for and on behalf of his father and with his father's authority, or was acting within the scope of his employment. This instruction fully submitted the law of the case. Agency may be proved by circumstantial evidence; Cartwright v. Commonwealth, 196 Ky. 6; and where there is any evidence conducing to prove the guilt of the accused the court should submit the case to the jury. In the instant case, the jury was warranted in believing

that a boy of tender years working in his father's stable, procuring a bottle of moonshine whiskey from a stall, was acting not for himself but for the owner of the premises, his father. This coupled with the reputation of the appellant as an illicit dealer in moonshine whiskey fully supported the verdict. Therefore, the judgment of the lower court is affirmed.

Judgment affirmed.